# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAEGAN G. BERTWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1139-D |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Maegan Bertwell objects to the Magistrate Judge's Report and Recommendation ("R&R" or "Report") [Doc. No. 20] recommending that the Court affirm the Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act [Doc. No. 21]. Defendant has responded to the objection [Doc. No. 22]. The matter is fully briefed and at issue.

## BACKGROUND

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." *Id.* § 423(d)(2)(A). Regulations implementing the Act set forth a five-step process for evaluating a disability claim:

> Step one requires a claimant to establish she is not engaged in "substantial gainful activity." Step two requires the claimant to establish she has a "medically severe impairment or combination of impairments." Step three asks whether any "medically severe impairment," alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude "substantial gainful employment." If listed, the impairment is conclusively presumed disabling. If unlisted, the claimant must establish at step four that her impairment prevents her from performing work she has previously performed. If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience.

*Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (internal citations omitted).

On October 1, 2013, Plaintiff filed her claim for Disability Insurance Benefits, alleging she was disabled beginning October 1, 2013. The claim proceedings culminated with a hearing before an Administrative Law Judge (ALJ), who heard evidence regarding Plaintiff's medical condition. As noted by the Magistrate Judge, the ALJ made the following findings regarding Plaintiff's claims of disability:

(1) Plaintiff had not engaged in substantial gainful activity since October 1, 2013, her alleged disability onset date;

2

(2) Plaintiff had severe impairments due to degenerative disc disease status post L5-S1 fusion, obesity, PTSD, anxiety, and depression;

(3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment;

(4) Plaintiff had the residual functional capacity (RFC) to perform work at the light level with additional limitations as follows: "She can occasionally climb, stoop, kneel, balance, crouch, and crawl. She can understand and carry out simple instructions and some complex [instructions] as in semiskilled work. She can have superficial and incidental work-related interaction with coworkers and supervisors, but no public interaction required to complete job duties"; and

(5) Plaintiff was unable to perform her past relevant work; considering Plaintiff's age, educational level, work experience, and RFC, as well as the vocational testimony, Plaintiff could perform jobs existing in significant numbers in the national economy.

R&R at 6-7.

On appeal, Plaintiff raises two propositions of error: (1) the Magistrate Judge's opinion regarding the ALJ's credibility finding constituted an unlawful "post-hoc justification" for denying Plaintiff's claim; (2) the Magistrate Judge erred in determining that the ALJ's findings with regard to Plaintiff's Residual Functional Capacity (RFC) were supported by substantial evidence.

## DISCUSSION

The Court is required to determine de novo any part of the Magistrate Judge's disposition where proper objection has been made. *See* 28 U.S.C. § 636(b)(1)(C);

Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. The Court has conducted a careful de novo review of Plaintiff's objections and is of the opinion that Plaintiff's objections lack merit, the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Judicial review of the Commissioner's decision is guided by the Act, which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *See* 42 U.S.C. § 405(g). The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence" is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion. *Id*. at 1083. The Court "consider[s] whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id*. (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)).

## I. Evaluation of Third Party Statements

In support of her disability claim, Plaintiff submitted three written statements from her mother, husband, and former employer. The ALJ accorded these statements "little weight" on the grounds they were "lay opinions based on casual observations, rather than objective medical examination and testing," "potentially influenced by loyalties of family and friends," and "[did] not outweigh the accumulated medical evidence regarding the extent to which [Plaintiff's] impairments limit her functional abilities." In reaching this determination, the ALJ noted the statement from Plaintiff's husband was undated and the statements from her mother and employer predated her disability claim. *See* Admin. R. at 18.

Plaintiff contends the Magistrate Judge "exceeded the scope of review" and determined the third party statements were properly rejected on the additional ground that they were undated or dated prior to Plaintiff's back surgery. Obj. at 1-2. This objection is overruled for two reasons. First, as stated above, the ALJ did indeed note in her decision that certain statements were undated and predated Plaintiff's back surgery. Thus, Plaintiff's contention that the Magistrate Judge created a post hoc justification for denying her claim is unsupported by the record evidence. Second, the record reflects that the ALJ expressly considered the statements; nothing more was required. *See* Social Security Ruling (SSR) 06-03p ("Although there is a distinction between what an adjudicator must *consider* and what the adjudicator

5

must *explain* in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.") (emphasis added).[1] There is no reversible error in the ALJ's evaluation of the third party statements. Plaintiff, in essence, asks that the Court reweigh the statements and substitute its judgment for that of the ALJ in assigning weight to those statements. As noted above, the Court may not do so. Plaintiff's first objection is thus overruled.

## II. Determination of Residual Functional Capacity

Plaintiff next argues that the ALJ's determination of RFC was not supported by the evidence. This argument is based on Plaintiff's contention that the ALJ erred in not fully developing the record and according weight to the opinion of Dr. Hulson that Plaintiff would continue to have long term mobility issues and would be unable to work for fifteen months. This contention is also denied for two reasons. First, an obligation to develop the record must be based on the presence of some objective medical evidence suggesting the existence of a condition, which could have a material impact on the disability decision requiring further investigation. *Howard v.*

---

[1] SSR 06-03p has been rescinded, but was in effect at the time of Plaintiff's claim and the ALJ's decision.

*Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). Nothing in Plaintiff's argument suggests that her injuries required further investigation before the ALJ could determine what functional limitations existed as a result of these conditions. Second, the ALJ followed proper procedure in according the amount of weight to the physician's opinions and determined Plaintiff's proposals did not find support in the record. In this regard, Plaintiff again asks that the Court reweigh the evidence and substitute its judgment for the ALJ, which the Court cannot do. Plaintiff's objection, accordingly, is overruled on this issue.

## CONCLUSION

Accordingly, the Magistrate Judge's Report and Recommendation [Doc. No. 20] is **ADOPTED** as set forth herein. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 28th day of February, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE